IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST LEE VADEN,

      Plaintiff,               No. 2:10-cv-1676 KJN P

   vs.

KATHLEEN DICKENSON, et al.,

      Defendants.       <u>ORDER</u>

_____/

      Plaintiff is a state prisoner at the California Medical Facility ("CMF"), proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the magistrate judge for all purposes. (Dkt. No. 4.) <u>See</u> 28 U.S.C. § 636(c) and E.D. Cal. L. R. ("Local Rule") 305(a).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Naming as defendants the CMF Warden, Associate Warden, and Inmate Appeals Examiner, plaintiff challenges the application to him of a state regulation that precludes contact visits with minors. California Code of Regulations, Title 15, Section 3173.1(d) provides in pertinent part: "For inmates convicted of violating PC Section[] 187 [murder] . . . ,when the victim is a minor, visitation with any other minor shall be limited to non-contact status except as

authorized by the Institution Classification Committee ["ICC"]."  15 C.C.R. § 3173.1(d). Plaintiff has challenged the application of this regulation through the administrative grievance process, pursuant to which he has sought unsuccessfully to obtain contact visits with his son, nephew and nieces.  Plaintiff alleges a violation of his Eighth and Fourteenth Amendment rights, based on his contention that "there is no process set up which an inmate can access to prove one is not a danger to minors on contact visits with them" (Dkt. No. 1 at 14), and his further contention that it is "not the intent of the Legislature . . . to sever family relationships" (id.). Plaintiff seeks damages and a court order requiring that defendants approve plaintiff's request for contact visits with the aforementioned minors.  For the following reasons, the court finds that plaintiff has failed to state a potentially cognizable federal constitutional claim.

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. . . . [S]uch a standard is necessary if 'prison administrators . . . , and not the courts, [are] to make the difficult judgments concerning institutional operations.'"  Turner v. Safley, 482 U.S. 78, 89 (1987). In determining whether a prison regulation is reasonably related to a legitimate penological interest, a court should consider the following factors:  (1) whether there is a "valid, rational connection" between the regulation and the legitimate government interest on which it is premised; (2) whether prisoners retain alternative means of exercising the right at issue; (3) what impact the requested accommodation would have on inmates, prison staff, and prison resources generally; and (4) acknowledgment that "the absence of ready alternatives is evidence of the reasonableness of a prison regulation."  Id. at 89-90 (citations omitted).

Application of these factors to the subject regulation was fully discussed by the United States District Court for the Northern District of California, in Valdez v. Woodford, 2007 WL 1848032 (N.D. Cal. 2007), albeit in the context of assessing whether a convicted sex offender to be permitted contact visits with minors.  That court concluded that: (1) "[t]he first

Turner factor weighs in favor of upholding former § 3173.1 because there was a rational connection between it and the legitimate government interest in protecting child visitors;"[1] (2) "[t]he existence of these alternative means of associating with minors [writing letters, talking on the telephone, relaying messages through adult visitors] counsels in favor of upholding the regulation;" (3) accommodating plaintiff's request would require the reassignment of limited correctional staff to ensure the protection of the minors; and (4) the absence of a reasonable and acceptable alternative weighs in favor of upholding the regulation. Id. at 4-9.

       The same considerations apply herein, underscored by the express exception to Section 3173.1(d), that minor contact visits may be made available to plaintiff pursuant to a reasoned decision by the ICC that plaintiff's personal circumstances come within the exception. Plaintiff does not allege arbitrariness by prison officials in the application of the regulation to plaintiff, only that its application to plaintiff is patently unfair; nor does plaintiff allege that the current decision of the ICC is immutable. Rather, this is precisely the type of regulation, reasonable on its face, that requires judicial deference to the reasoned exercise of discretion by prison officials.

       The court finds, therefore, that plaintiff has failed to state a potentially cognizable federal constitutional claim. The court further finds that plaintiff cannot rectify this defect by

---

[1] As the court in Valdez noted:

> The protection of children is an interest that may be put forth under Turner to justify a prison regulation. See Overton [v. Bazzetta], 539 U.S. [126] at 131-32; see generally Pell v. Procunier, 417 U.S. 817, 822-23 (1974) (identifying central penological objectives as deterrence (by making incarceration undesirable), protection of public (by quarantining criminal offenders), rehabilitation, and internal security). In Overton, the Supreme Court applied the Turner test and rejected a First Amendment challenge to a policy that limited prisoners' visits with children. The Court recognized particular problems presented by child visitors, including their need for greater supervision and found that policy limiting child visits bore a rational relation to the prison's "valid interests in maintaining internal security and protecting child visitors from exposure to sexual or other misconduct or from accidental injury." Id. at 133.

Valdez, 2007 WL 1848032, at *5.

1  amendment.  Rather, this action should be dismissed.  <u>Neitzke</u>, 490 U.S. at 327.

2  Accordingly, IT IS HEREBY ORDERED that this action is dismissed without

3  prejudice.

4  DATED: June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8  vade1676.14new.kjn.dsms