1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERNEST LEE VADEN,

11              Plaintiff,                    No. 2:10-cv-1676 KJN P

12        vs.

13   KATHLEEN DICKENSON, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel, in this action filed

17   pursuant to 42 U.S.C. § 1983.  On June 9, 2011, this court dismissed this action for failure to

18   state a potentially cognizable claim.[1]  (Dkt. No. 6.)  Plaintiff challenged a state regulation that

19   authorizes a prison to deny contact visits with minors to inmates convicted of murder.  15 C.C.R.

20   § 3173.1(d).  Discretion for granting an exception under the regulation lies with the prison's

21   Institutional Classification Committee.  <u>Id.</u>  This court found that plaintiff had failed to state a

22   potentially cognizable federal constitutional claim because the challenged regulation is

23   reasonably related to legitimate penological interests.  <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89-90

24   (1987); <u>accord,</u> <u>Valdez v. Woodford</u>, 2007 WL 1848032, *5 (N.D. Cal. 2007).  The court

25

26        [1]  Plaintiff consented to the jurisdiction of the magistrate judge for all purposes. (Dkt. No.
     4.)  <u>See</u> 28 U.S.C. § 636(c) and E.D. Cal. L. R. ("Local Rule") 305(a).

1   concluded that amendment of the complaint would be futile, and dismissed plaintiff's action

2   without leave to amend.

3          After entry of judgment, plaintiff filed a Notice of Appeal in the Ninth Circuit

4   Court of Appeals.  (Dkt. Nos. 10, 11.)  The Court of Appeals has now referred to this court the

5   limited question "whether in forma pauperis status should continue for this appeal or whether the

6   appeal is frivolous or taken in bad faith.  See 28 U.S.C. § 1915(a)(3); see also Hooker v.

7   American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is

8   appropriate where district court finds the appeal to be frivolous)."  (Dkt. No. 13; duplicate filing

9   at Dkt. No. 14.)

10          Section 1915(a)(3), United States Code, title 28, provides that "[a]n appeal may

11   not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

12   faith."  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438,

13   445 (1962) ("'good faith' in this context must be judged by an objective standard," and is

14   "demonstrated when [an appellant] seeks appellate review of any issue not frivolous").  Thus, a

15   plaintiff satisfies the "good faith" requirement if he "seeks review of any issue that is 'not

16   frivolous.'"  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir.1977) (quoting Coppedge, 369 U.S. at

17   445).  A claim is legally frivolous when, in pertinent part, it is "based on an indisputably

18   meritless legal theory."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

19          This action, and hence plaintiff's appeal, is premised on plaintiff's singular claim

20   that the challenged regulation has been unfairly applied to him.  For the reasons previously stated

21   by this court, and summarized above, this claim is based on "an indisputably meritless legal

22   theory," Neitzke, supra, 490 U.S. at 327, rendering plaintiff's appeal frivolous.  Plaintiff makes

23   no other claims.  Cf. Hooker, supra, 302 F.3d at 1092 (leave to proceed in forma pauperis on

24   appeal must be granted if at least one claim is non-frivolous).

25   ////

26   ////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's in forma pauperis status

2   is revoked for purposes of appeal.

3    SO ORDERED.

4   DATED:  July 15, 2011

5

6

7   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

8   vade.1676.1915.app

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26